FILED & ENTERED

MAY 27 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JASON WILLIAM SVACINA,<br><br>Debtor. | Case No.: 6:19-bk-18896-WJ<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION REGARDING MOTION FOR RELIEF FROM STAY** |

## I. INTRODUCTION.

This case raises a discrete issue. If a creditor in California conducts a foreclosure sale pre-petition but records the foreclosure deed post-petition (within 15 days of the auction) does it violate the automatic stay? Pursuant to 11 U.S.C. § 362(b)(3) and California Civil Code § 2924h(c), the automatic stay is not violated in California.

## II. JURISDICTION

The bankruptcy court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). The pending motion in this case is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G). Venue is appropriate in this Court. 28 U.S.C. § 1409(a).

## III. FACTUAL BACKGROUND.

The debtor, Jason Svacina ("Debtor"), owned a home at 4175 Alta Vista Drive, Riverside, CA 92506 ("Property"). Freedom Mortgage Corporation ("FMC") had the senior mortgage encumbering the Property and the Debtor owed FMC approximately $367,000. When the Debtor failed to make payments to FMC for about a year, FMC scheduled a foreclosure sale for August 14, 2019.

On August 13, 2020, the day before the foreclosure sale, the Debtor filed a chapter 13 bankruptcy case (6:19-bk-17097-WJ). That bankruptcy case, however, failed shortly thereafter. The Court dismissed the case on September 26, 2019.

Thereafter, FMC re-scheduled its foreclosure sale for October 9, 2019 at 9:00 a.m. On that date the sale did occur at 9:49 a.m. Breckenridge Property Fund 2016, LLC ("Breckenridge") purchased the Property at the foreclosure sale. The Debtor does not contend that the foreclosure sale was conducted improperly. The parties appear to concede that the foreclosure sale was conducted normally and properly.

About an hour later, the Debtor filed this second chapter 13 case at 10:39 a.m. The Debtor filed the case without counsel and without filing most case initiation documents. A week later, on October 16, 2019, the foreclosure trustee recorded with the county recorder a Trustee's

Deed Upon Sale stating that Breckenridge owned the Property.

Meanwhile, because the Debtor failed to file numerous case initiation documents on October 9, the clerk of the Court issued standard deficiency notices advising the Debtor that the case would be dismissed on October 23, if the Debtor failed to file all missing documents.[1] When the Debtor failed to do so, the clerk of the Court dismissed the case on October 25.[2]

Breckenridge then pursued an unlawful detainer action in state court to recover possession of the Property. The Debtor defended by contending that Breckenridge violated the automatic stay by recording the Trustee's Deed Upon Sale post-petition. Breckenridge responded by filing a motion to reopen this bankruptcy case[3] and an automatic stay motion.[4]

The Debtor supported Breckenridge's motion to reopen the case[5] and the Court granted it.[6] The Debtor opposes Breckenridge's automatic stay motion. However, for the following reasons, the Court hereby grants the motion.

### IV. BRECKENRIDGE DID NOT VIOLATE THE AUTOMATIC STAY.

**A.     Applicable Legal Standard.**

The legal issue in this case is easily stated. If a creditor conducts a foreclosure sale in California prior to the filing of a bankruptcy case but a bankruptcy case is filed shortly thereafter, can the creditor record the trustee's deed upon sale without violating the automatic stay? Can the creditor complete the pre-petition foreclosure sale post-petition (within 15 days of the auction)? Applicable law answers these questions in the affirmative.

Specifically, section 2924h(c) of the California Civil Code addresses foreclosure sales in California and (among other things) provides that "the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale, or the

---

[1] See Docket #1-1 and 1-2.
[2] See Docket #17.
[3] See Docket #26.
[4] See Docket #33.
[5] See Docket #30 & 31.
[6] See Docket #36.

next business day following the 15th day if the county recorder in which the property is located is closed on the 15th day." This provision of law allows a creditor to record a foreclosure deed within 15 days after the sale occurs. If the creditor acts within the 15-day period, the foreclosure sale is deemed perfected as of 8:00 a.m. on the sale date.

This type of perfection period is common in the law. For example, section 547(e)(2) of the Bankruptcy Code contains a similar provision that allows creditors up to thirty days for perfection of certain transfers.[7] As long as the creditor acts within the thirty day period, the perfection step is deemed to occur on the date and time of the original transaction. See, e.g., Fidelity Financial Services, Inc. v. Fink, 118 S.Ct. 651 (1998); Fitzgerald v. First Security Bank of Idaho, N.A. (In re Walker), 77 F.3d 322 (9th Cir. 1996); Long v. Joe Romania Chevrolet, Inc. (In re Loken), 175 B.R. 56 (9th Cir. BAP (Or.) 1994); USAA Federal Savings Bank v. Thacker (In re Taylor), 599 F.3d 880 (9th Cir. 2010).

Commercial law and bankruptcy law have ordinary provisions that provide a reasonable but short period of time for creditors to perfect security interests and transfers of property. Section 2924h(c) is one of those provisions and applicable caselaw clearly supports the validity of this statute. Indeed, the published decision of the Bankruptcy Appellate Panel for the Ninth Circuit in In re Bebensee-Wong v. Fannie Mae (In re Bebensee-Wong), 248 B.R. 820 (9th Cir. BAP 2000) is directly on point. The facts and issues in Bebensee-Wong are identical to this case. In Bebensee-Wong, a creditor conducted a foreclosure sale before a debtor filed a bankruptcy case. Twelve days later, the borrower filed a bankruptcy case and two days later the trustee's deed upon sale was recorded. So, the foreclosure deed was recorded post-petition but within 15 days of the auction.

The debtor argued that the creditor violated the automatic stay by recording the foreclosure deed post-petition. The creditor disagreed and relied upon section 2924h(c). The BAP ruled in favor of the creditor and upheld section 2924h(c).

The BAP noted that sections 362(b)(3) and 546(b) of the Bankruptcy Code specifically

---

[7] The original version of section 547(e)(2), as enacted in 1978, provided for a ten-day period. Congress included a provision in the Bankruptcy Reform Act of 1994 that expanded that period to twenty days. Congress then expanded that twenty-day period to thirty days in the 2005 amendments to the Bankruptcy Code.

permit post-petition perfection of interests in property when "generally applicable law . . . permits perfection to relate back and to be effective against one who acquires rights in the property before the date of perfection." Id. at 822 (quoting In re Stork, 212 B.R. 970, 971 (Bankr. N.D. Cal 1997)).  The BAP noted that section 2924h(c) is such a generally applicable law because it provides that "a foreclosure sale purchaser who records its deed within fifteen days of the foreclosure sale will prevail over someone who purchases the real property from the debtor after the foreclosure sale even if that person records its deed first." Id.  As a result, "the recordation of a foreclosure sale deed within fifteen days of the sale does not violate the automatic stay and is not avoidable pursuant to 11 U.S.C. §§ 544 or 549." Id.

Thus, the decision in Bebensee-Wong is directly on point.  It supports Breckenridge's position and rejects the Debtor's arguments.  Pursuant to Bebensee-Wong, Breckenridge did not violate the automatic stay when it recorded the foreclosure deed post-petition within 15 days of the auction.

Other cases hold likewise.  For example, the BAP followed its decision in Bebensee-Wong in the case of Lucore v. US Bank, NA (In re Lucore), 2013 Bankr. LEXIS 2498 (9th Cir. BAP 2013).  In Lucore, a creditor conducted a foreclosure sale.  A week later, the borrowers filed a chapter 13 bankruptcy case.  Thereafter, the creditor recorded the deed upon sale post-petition but within 15 days of the auction.  When the creditor sought relief from stay, the debtors opposed and protested the recording of the deed post-petition.  The bankruptcy court ruled against the debtors and granted the motion for relief from stay.  The BAP affirmed and followed Bebensee-Wong.  In ruling against the debtors, the BAP stated that "under § 362(b)(3), a trustee's deed executed and recorded postpetition is still valid if recorded within fifteen days of the sale due to the relation-back effect of Cal. Civil Code § 2924h(c) . . . Therefore, under our holding in Bebensee-Wong, perfection relates back before debtors' filing, even though Bank recorded postpetition." Id. at *10 & *12.

As in Lucore and Bebensee-Wong, the BAP reached a similar conclusion in Hamilton v. Hernandez (In re Hamilton), 2005 Bankr. LEXIS 3427 (9th Cir. BAP 2005).  In Hamilton, the debtor filed his chapter 13 case one day after a foreclosure sale.  The foreclosure deed was

recorded post-petition but within 15 days of the auction. The bankruptcy court granted a motion for relief from stay and the BAP affirmed. The BAP relied upon Bebensee-Wong and section 2924h(c) stating that "pursuant to § 2924h(c), the trustee's sale becomes perfected at 8 a.m. on the day of the sale. When the trustee's sale is held before the debtor files bankruptcy, perfection is deemed to have occurred before the filing, even if the buyer of the property records post-petition." Id. at *6-*7.

A similar result occurred in Shirazi v. Bank of America (In re Shirazi), 2013 U.S. Dist. LEXIS 85654 (C.D. Cal. 2013). In that case, a debtor filed a chapter 7 bankruptcy case one day after a foreclosure sale. The foreclosure deed was recorded nine days after the auction (eight days after the filing of the bankruptcy case). When the prevailing bidder moved for relief from the automatic stay, the debtor opposed claiming that the recording of the deed violated the automatic stay. The bankruptcy court rejected this argument and the District Judge for the Central District of California affirmed. The appellate court followed Bebensee-Wong stating that "[s]everal decisions have considered the validity of a pre-petition trustee's sale where recordation of the [Trustee's Deed Upon Sale] occurs post-petition, and have overwhelmingly affirmed the validity of the sales." Id. at *4.

Likewise, the case of In re Garner, 208 B.R. 698 (Bankr. N.D. Cal. 1997) has similar facts. In Garner, the debtor filed a bankruptcy case the day after a foreclosure sale. The deed upon sale was recorded post-petition but within seven days of the auction. The creditor moved for relief from stay and the debtor opposed arguing that the recording of the deed post-petition violated the automatic stay. Again, as in Bebensee-Wong, Lucore and Shirazi, the court ruled against the debtor.

The Garner court held that "the plain language of section 2924h(c) provides that the sale is final when the highest and last bid is accepted" and, therefore, the "foreclosure sale was final when the bankruptcy petition was filed." Id. at 700. In ruling in favor of the creditor, the court felt that "[r]ecordation of the deed within fifteen days of the sale appears critical to the outcome of a motion for relief under these circumstances." Id. at 701. Because the deed in Garner was recorded within the 15-day perfection period created by section 2924h(c), the court held that "the

post-petition issuance and recordation of the deed under these circumstances did not violate the automatic stay and the foreclosure sale purchaser's interest in the property is not avoidable under section 544(a)(3)." Id.

The decision in In re Stork, 212 B.R. 970 (Bankr. N.D. Cal 1997) also supports relief from the automatic stay. In Stork, a foreclosure sale occurred prior to the filing of the bankruptcy case but the foreclosure deed was recorded after the filing of the bankruptcy case: sixteen days after the auction. Because the deed was recorded outside the 15-day period in section 2924h(c), that section did not apply. However, the Court still held that annulment of the automatic stay was appropriate, which validated the post-petition deed and the pre-petition sale.

Likewise, the Honorable Peter H. Carroll of the Central District of California reached a similar decision in Silva v. Bollag Family Trust (In re Silva), 2015 Bankr. LEXIS 733 (Bankr. C.D.Cal. 2015). In Silva, a foreclosure sale occurred prebankruptcy but the party that bought the property at the auction waited five years to record the deed. The recordation occurred postpetition, but the Court held that the recordation was not avoidable. Id. at *12 ("Because recordation fell outside of the protection of Cal. Civ. Code § 2924h(c), the issue is whether or not the Bollags' post-petition recording of the Trustee's Deed was excepted from the automatic stay under § 362(b)(3) by virtue of §§ 546(c) and 549(c). The court believes that it was so excepted."). On appeal, the District Court affirmed Judge Carroll. Silva v. MBB Props., LLC (In re Silva), 2015 U.S. Dist. LEXIS 81797 (C.D. Cal. 2015).

Thus, the decisions in Bebensee-Wong, Lucore, Hamilton, Shirazi, Garner, Stork and Silva support relief from the automatic stay as requested in the motion by Breckenridge. All of these cases directly support granting the motion.

B.     **Alternative Line of Cases.**

In addition to the case authority found in Bebensee-Wong, Lucore, Hamilton, Shirazi, Garner, Stork and Silva, another line of cases supports the relief requested by Breckenridge. Even if section 2924h(c) did not exist (or apply), some courts have held that granting relief from stay to allow a creditor to complete a foreclosure sale conducted pre-petition is appropriate under

section 362. The decision in Davisson v. Engles (In re Engles), 193 B.R. 23 (Bankr. S.D.Cal. 1996) stands for this legal principle and Engles also cites a collection of cases which it follows. Id. at 26 ("The Debtors contend that relief from the automatic stay should not be granted because the Davissons failed to perfect their interest in the Property by not recording the Deed prepetition . . . [and] bankruptcy cases from other jurisdictions lead this Court to conclude that relief from the automatic stay should be granted. In their analysis of section 362(d), courts have concluded: 'When a purchaser receives equitable title at a [foreclosure] sale, but legal title remains in a debtor, and the debtor thereafter files for bankruptcy, cause exists to lift the stay to allow the equitable owner to gain legal title.' In re Golden, 190 Bankr. 52, 58 (Bankr. W.D. Pa. 1995); See also In re Donovan, 183 Bankr. 700, 702 (Bankr. W.D. Pa. 1995); Matter of Spencer, 115 Bankr. 471, 485 (D. Del. 1990); In re Lally, 38 Bankr. 622, 626 (Bankr. N.D. Iowa 1984); In re Shirley, 30 Bankr. 195, 196 (Bankr. D. Md. 1983).").

### C. In re Gonzalez Is Not Good Law.

In opposing the motion for relief from stay by Breckenridge, the Debtor has not cited or discussed Bebensee-Wong, Lucore, Hamilton, Shirazi, Garner, Stork and Silva. Likewise, the Debtor has not cited or discussed Engles or similar cases. Instead, the Debtor has cited only one case: In re Gonzalez, 456 B.R. 429 (Bankr. C.D.Cal. 2011), reversed, 2012 U.S. Dist. LEXIS 188105, 2012 WL 8262445 (C.D.Cal. June 14, 2012). The Debtor contends that section 2924h(c) permits a creditor to record a foreclosure deed post-petition but to not issue or execute the deed post-petition. The Debtor cites Gonzalez for this argument.

The Court rejects this argument for seven reasons. First, Bebensee-Wong, Lucore, Hamilton, Shirazi, Garner, Stork and Silva reflect the majority position, not Gonzalez. Gonzalez is the minority view and the clear weight of authority (Bebensee-Wong, Lucore, Hamilton, Shirazi, Garner, Stork and Silva) rejects Gonzalez.

Second, while the Bankruptcy Court agreed with the debtor in Gonzalez, the appellate court did not. The District Court for the Central District of California specifically reversed the bankruptcy court and held that the "post-petition issuance and recording of the Trustee's Deed

did not violate the automatic stay." 2012 U.S. Dist. LEXIS 188105 at *1. In doing so, the District Court cited both section 2924h(c) and 11 U.S.C. § 362(b)(3).

Third, in the Shirazi case, another district judge for the Central District of California specifically rejected the decision of the bankruptcy court in Gonzalez. Shirazi v. Bank of America (In re Shirazi), 2013 U.S. Dist. LEXIS 85654 *7 (C.D. Cal. 2013) ("The Court declines to rely on Gonzalez, which is not consistent with the majority of decisions to have considered the issue raised by appellant."). Thus, two different district judges from the Central District of California have specifically rejected Gonzalez and the arguments raised by the Debtor in the current case.

Fourth, nothing in the language of section 2924h(c) suggests its provisions are limited to the recording of a deed. To the contrary, the statute indicates the opposite. Issuing and executing a deed precede the recording of the deed. If the latter is permissible under the plain language of section 2924h(c) then the former is also permissible.

Fifth, section 362(b)(3) specifically contains an exception to the automatic stay for all perfection steps related to a transaction subject to the strong-arm powers of the trustee. In this case, the trustee would be bound by the pre-petition foreclosure sale assuming that Breckenridge properly perfected the sale post-petition. Breckenridge did properly and timely perfect post-petition and section 362(b)(3) creates a specific exception to the automatic stay that allowed these steps, including issuing and recording the deed. That was the holding of the District Judge for the Central District of California in Gonzalez.

Sixth, the argument by the Debtor is not only inconsistent with the text of section 362(b)(3) and section 2924h(c) but also with the specific legislative intent of section 2924h(c). The California legislature specifically enacted section 2924h(c) to address these precise facts and allow the post-petition perfection of a pre-petition foreclosure sale. The "analysis provided by the Senate Rules Committee discussion of Assembly Bill No. 1196, which led to the amendment of section 2924h(c)" states that the "the validity of foreclosure sales is sometimes thrown into question when a bankruptcy is filed after the trustee's sale is final, but before the trustee's deed can be recorded. Federal bankruptcy courts, which normally rely on

state real property laws, have reached different results because California law is unclear on how this situation should be handled. This bill is intended to clarify California law in these situations by providing that a trustee's sale is deemed 'perfected' as of the date of sale if the trustee's deed is recorded within 15 days of the sale." Davisson v. Engles (In re Engles), 193 B.R. 23, 27 (Bankr. S.D.Cal. 1996); In re Shirazi, 2013 U.S. Dist. LEXIS 85654 at *7-*8. Thus, both the text and the intent of section 2924h(c) reject the arguments of the Debtor in this case.

Seventh, the decision in Davisson v. Engles (In re Engles), 193 B.R. 23 (Bankr. S.D.Cal. 1996) and the cases it cited support granting relief from the automatic stay.

## V. ANNULMENT OF THE STAY IS ALSO APPROPRIATE.

Finally, for all the reasons stated above, relief from the automatic stay is appropriate. In addition, annulment of the stay is appropriate for the same reasons. Indeed, the Court in In re Stork, 212 B.R. 970 (Bankr. N.D. Cal 1997) specifically approved annulling the automatic stay.

Annulment is also appropriate because the Debtor in this case has engaged in a pattern of filing nonviable chapter 13 cases to stall foreclosure sales. The Debtor filed the first chapter 13 case on the eve of the foreclosure sale, but that chapter 13 case quickly failed. No plan of reorganization was confirmed, and the case failed less than two months after it was filed.

The Debtor then filed this second chapter 13 bankruptcy case (without counsel) in an attempt to stall the foreclosure sale again. The Debtor missed doing so by an hour but not for a lack of trying. The Debtor then failed to file most case initiation documents timely and the clerk of the Court automatically dismissed this case two weeks later. Thus, both chapter 13 cases failed quickly, and both were strategically timed in an attempt to disrupt a foreclosing lender. These additional facts support relief from stay and annulment of the stay.

## VI.  CONCLUSION.

Accordingly, for the reasons stated, the Court shall enter a separate order granting the motion for relief from stay by Breckenridge.

IT IS SO ORDERED.

Date: May 27, 2020

_____
Wayne Johnson
United States Bankruptcy Judge